# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1592

_____

Kirk Nelson

*Plaintiff - Appellant*

v.

Steve Maples, Christian County Deputy Sheriff; H. Wesley Peek, Christian County Deputy Sheriff; Dr. Warford B. Johnson, II; Warford Johnson, III; Keck & Austin, LLC; Amy Fite, Christian County Prosecutor; Others Unknown to the *Plaintiff*; Brad Cole

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 13, 2016
Filed: January 4, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kirk Nelson appeals after the district court[1] dismissed his pro se 42 U.S.C. § 1983 complaint without prejudice. The district court concluded that it lacked subject matter jurisdiction because Nelson did not have standing to bring his claims. Alternatively, the court reasoned that, even if Nelson had established standing, his allegations were insufficient to state either a due process or equal protection claim, and accordingly, his conspiracy and failure-to-train theories of liability failed, as well.

Upon careful review of the record and the parties' arguments on appeal, we first conclude that the district court did not abuse its discretion in granting a motion to stay discovery. *See Sheets v. Butera*, 389 F.3d 772, 780 (8th Cir. 2004) (explaining that rulings on discovery matters are reviewed for gross abuse of discretion). We also find that dismissal was proper. *See* Fed. R. Civ. P. 12(h)(3) (providing that a federal court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (noting that district courts have no subject matter jurisdiction when plaintiffs lacks standing); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 616, 619 (1973) (holding that private citizens lack judicially cognizable interest in prosecution of another); *Parkhurst v. Tabor*, 569 F.3d 861, 865-67 (8th Cir. 2009) (affirming that crime victims lack standing to contest policies of prosecuting authority when the victim is neither prosecuted nor threatened with prosecution); *Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008) (stating that standing determinations are reviewed *de novo*). Further, we agree with the district court that, even if Nelson had established standing, his allegations were insufficient to state either a due process or equal protection claim. *See Deshaney v. Winnebago Cty. Dep't. of Social Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause . . . requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"); *Klinger v. Dep't of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994)

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

(explaining that, to state a claim for an equal protection violation, plaintiffs must allege that they were similarly situated to others and singled out for dissimilar treatment).

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____